IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA HORTON | ) | |
| | ) | Civil Action No. 2:22-cv-1219 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VIRTUAL OFFICEWARE | ) | *ELECTRONICALLY FILED* |
| HEALTHCARE SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S NOTICE OF REMOVAL

To:   The Honorable Judges of the United States District Court
for the Western District of Pennsylvania

Defendant Virtual Officeware Healthcare Solutions, by and through their undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Western District of Pennsylvania, and Title 28 of the United States Code §§ 1332, 1441 and 1446, hereby file this Notice of Removal and remove the action entitled "*Rebecca Horton v. Virtual Officware Healthcare Solutions*" Civil Action No. GD-22-009413 in the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

### BACKGROUND

1. Plaintiff Rebecca Horton instituted this action in the Court of Common Pleas of Allegheny County, Pennsylvania, by filing a Complaint on or about July 28, 2022. The Complaint raises claims under the Pennsylvania Human Relations Act, Title VII of the Civil Rights Act and the Americans with Disabilities Act. *See* Complaint, attached as Exhibit A.

2. On August 17, 2022, Defendant was served with a copy of the Complaint. *See* Docket, attached as Exhibit B.

3. Defendants have not filed an answer or other pleading in the Court of Common Pleas of Allegheny County, Pennsylvania.

## VENUE

4. The Court of Common Pleas of Allegheny County, in which Plaintiff's Complaint was filed, is within this Court's District. This action is therefore properly removable to this Court pursuant to 28 U.S.C. § 1446.

## REMOVAL IS PROPER
## BASED ON FEDERAL-QUESTION JURISDICTION

5. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because Plaintiff's civil action arises under federal law. *See, Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232 (1986) (A "suit arises under the law that creates the cause of action.") (internal citations omitted).

6. Plaintiff alleges that Defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("the ADA") and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"). See Ex. A.

7. As pleaded, all of Plaintiff's claims derive from a "common nucleus of operative fact." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).

8. Plaintiff's Title VII, ADA and PHRA claims depend on the same alleged discrimination and retaliation.

9. For these reasons, Plaintiff's federal and state law claims form part of the same case or controversy so that this Court may exercise supplemental jurisdiction over Plaintiff's claims under Pennsylvania law. 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13. This Notice of Removal is timely as it has been filed within thirty days after the receipt of Defendant. 28 U.S.C. § 1446(b)(1).

14. In accordance with 28 U.S.C. § 1446 (a), true and correct copies of all process, pleadings, orders, and other papers of every kind currently on file in the Court of Common Pleas of Allegheny County, Pennsylvania, are attached to this Notice as Exhibit C.

15. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny County, Pennsylvania. In compliance with 28 U.S.C. § 1446 (d), a true and correct copy of the Notice of Filing of Notice of Removal is attached as Exhibit D.

16. Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has stated claims upon which relief can be granted and without conceding that Plaintiff is entitled to any damages against Defendant in any amount whatsoever.

WHEREFORE, Defendant respectfully requests that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania and direct that said Court have no further jurisdiction over this matter.

Dated: August 24, 2022

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Terri Imbarlina Patak*
Terri Imbarlina Patak
PA ID No. 65610
Terri.patak@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA  15222
412-232-0404
412-232-3441 *facsimile*

*Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA HORTON, <br><br> Plaintiff, <br><br> v. <br><br> VIRTUAL OFFICEWARE HEALTHCARE SOLUTIONS, <br><br> Defendant. | ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) *ELECTRONICALLY FILED* <br> ) <br> ) <br> ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via electronic mail:

Sharon L. Wigle, Esq.
471 Hill Churches Road
Latrobe, PA  15650
sharon@lawruler.onmicrosoft.com


/s/ *Terri Imbarlina Patak*
Terri Imbarlina Patak