IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA HORTON, | ) |
| Plaintiff, | ) ) ) 2:22-cv-1219-NR ) |
| v. | ) ) ) |
| VIRTUAL OFFICEWARE HEALTHCARE SOLUTIONS, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM ORDER

Plaintiff Rebecca Horton brings this disability-discrimination and failure-to-accommodate action against Defendant Virtual Officeware Healthcare Solutions under the Americans with Disabilities Act and the Pennsylvania Human Relations Act. Ms. Horton had worked as a Patient Service Representative and Credentialing Assistant for Virtual Officeware, until she was terminated on March 5, 2021. She claims that during her tenure, Virtual Officeware failed to provide a reasonable accommodation for her disabilities, including "migraines," "anxiety," "nerve and bone pain," and "prolonged trauma and PTSD." ECF 1-1, ¶¶ 3-4. She believes that her disabilities, and Virtual Officeware's failure to accommodate them, were the real reasons for her termination. *Id.* at ¶¶ 32-59.

Virtual Officeware has moved to dismiss Ms. Horton's complaint, arguing that it should be dismissed for two reasons, neither of which holds water.

First, Virtual Officeware argues that Ms. Horton's claims are untimely. That is, Virtual Officeware contends that she failed to file her complaint within the 90-day statutory period after receiving her right-to-sue letter from the Equal Employment Opportunity Commission. The timeline is key:

| May 24, 2021 | Ms. Horton files a Charge of Discrimination with EEOC |
|---|---|
| April 22, 2022 | EEOC issues right-to-sue letter and uploads to portal |
| July 20, 2022 | Attorney Sharon Wigle tries to file complaint with the Court of Common Pleas of Allegheny County, Pennsylvania |
| July 22, 2022 | Ninety-day deadline to file complaint |
| July 25, 2022 | Allegheny County CCP notifies Ms. Wigle that it rejected Ms. Horton's complaint |
| July 25, 2022 | Ms. Wigle makes second attempt to file complaint—rejected because no cover sheet and wrong "docket type" selected |
| July 26, 2022 | Ms. Wigle makes third attempt to file complaint—rejected because no cover sheet |
| July 27, 2022 | Ms. Wigle makes fourth attempt to file complaint—rejected because she incorrectly uploaded the cover sheet under the "Praecipe" option |
| July 28, 2022 | Ms. Wigle successfully files complaint |

ECF 17-4.

While this timeline makes clear that Ms. Horton's complaint was not docketed until ninety-six days after the right-to-sue letter was issued, Ms. Horton first asserted her claims two days *before* the 90-day deadline when she initially tried to file her complaint in state court.  *Id.*  Her complaint just wasn't "accepted" by the court and docketed right away because of some technical deficiencies in the form of the filing. *Id.*  The date the complaint was docketed is irrelevant, though.  But even if Ms. Horton's complaint were a few days late, the Court finds that Ms. Horton is entitled to equitable tolling based on well-established tolling principles.[1]

___

[1] Virtual Officeware also argues that if the Court agrees that Ms. Horton's federal claims are untimely, it should decline to exercise supplemental jurisdiction over her

Second, Virtual Officeware argues that even if timely, Ms. Horton's claims should still be dismissed because she "has failed to adequately plead a viable claim of disability discrimination or failure to accommodate under the ADA or PHRA as she has not made sufficient factual averments to support any of her claims." ECF 17, pp. 8-9. Not so. Construing the allegations in the complaint in the light most favorable to Ms. Horton, and making all reasonable inferences, the Court concludes that Ms. Horton has set forth sufficient factual detail to state plausible claims.

For these reasons, which are explained in more detail below, the Court denies Virtual Officeware's motion to dismiss.

## DISCUSSION & ANALYSIS[2]

### I.  Ms. Horton's claims are timely.

To maintain a claim under the ADA, a plaintiff must commence a lawsuit in a court of competent jurisdiction within 90 days of receiving a right-to-sue letter from the EEOC. *Azadpour v. AMCS Grp. Inc.*, No. 19-1968, 2022 WL 4110524, at *3 (E.D. Pa. Sept. 8, 2022) (citing 42 U.S.C. § 12117(a)). This requirement is strictly construed. *See Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 252 (3d Cir. 1986). Although the 90-day filing requirement is applied strictly, it "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of

---

state-law claims. ECF 17, pp. 7-8. This is a strange request, seeing as Virtual Officeware removed the case to federal court to begin with. But it's also a moot request, since the Court rejects Virtual Officeware's untimeliness argument and finds that Ms. Horton has stated plausible federal claims.

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff. *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The Third Circuit has held that raising this issue is an affirmative defense and that the burden of proof "rests solely on the employer." *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) (citation omitted).

The first step in this analysis is determining when Ms. Horton "first asserted" her ADA claims. *See Thomas v. Esterle*, No. 18-686, 2018 WL 11337179, at *3 (N.D. Ga. Dec. 27, 2018). Importantly, "[t]he 90-day filing deadline is the deadline for bringing the lawsuit, not for the technical docketing of the complaint." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). Here, Ms. Horton brought her lawsuit on July 20, 2022—two days ***before*** the 90-day filing deadline—by attempting to file a complaint with the Court of Common Pleas of Allegheny County. ECF 17-4, ¶ 3. That complaint was not "accepted" and docketed, but that's irrelevant. Attempting to file the complaint was Ms. Horton's act of bringing the lawsuit. *See Thomas*, 2018 WL 11337179, at *3 ("Plaintiff filed her application to proceed *in forma pauperis* with her complaint attached—thereby initiating her lawsuit—on February 15, 2018. The technical docketing of the complaint…is inconsequential to this analysis.").

But even if that were not the case, equitable tolling "applies here to defeat [Virtual Officeware's] argument entirely." *Gilliam v. Verizon Pa., Inc.*, No. 13-1557, 2014 WL 901296, at *5 (W.D. Pa. Mar. 21, 2014) (Mitchel, M.J.). The Supreme Court has stated that equitable tolling is allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period[.]" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citations omitted). Consistent with that statement, courts, including this one, have routinely applied equitable tolling to circumstances substantially similar to those presented in this case:

- *Gilliam*, 2014 WL 901296, at *4-7 (rejecting defendant's "hyper

technical" argument that complaint was time-barred when it was filed two days late because an "administrative/computer filing error occurred" after plaintiff tried to file electronically);

- *Butler v. Schapiro*, 839 F. Supp. 2d 252, 255–56 (D.D.C. 2012) (equitable tolling applied when the plaintiff's "attorney's paralegal attempted to file th[e] complaint on time, and it was accidentally delivered to a different government office," but "[u]pon discovery of this mistake, [her] attorney promptly filed the complaint with the correct office the next day"); and

- *Turner v. Shinseki*, 824 F. Supp. 2d 99, 108, 111-12 (D.D.C. 2011) (equitably tolling the limitations period where the *pro se* plaintiff timely filed a complaint that was deemed "deficient due to the plaintiff's failure to properly name all parties in the caption, properly sign the Complaint, submit the requisite number of copies, and use the correct civil cover sheet," and re-filed the corrected complaint after the limitations period expired).

Virtual Officeware's reliance on the "directly on point" case of *Coffey v. Alorica, Inc.*, No. 20-1039, 2020 WL 5983069 (W.D. Pa. Oct. 8, 2020) (Horan, J.) is misplaced. ECF 20, pp. 1-3. In *Coffey*, the plaintiff asked the court to apply the equitable tolling doctrine because "her counsel was not informed of the issuance of the right to sue letter" until after the 90-day deadline. *Id.* at *2. The plaintiff tried to use that delay to explain away commencing the action just over two months after the deadline. *Id.* The situation here is completely different. Ms. Horton tried to file suit on time, but because of a series of technical defects in her filings, her complaint wasn't docketed until a few days after the deadline. ECF 17-4. Ms. Horton did not sleep on her rights the same way that the plaintiff did in *Coffey*.

Put simply, Ms. Horton "made a good faith effort to comply with the [ADA's] 90-day statutory period." *Gooch v. American Eagle Airlines, Inc.*, No. 2:13-cv-2272, 2016 WL 590190, at *6 (C.D. Cal. Feb. 2, 2016). It was only because "of a defective pleading [that] she was unable to timely file her complaint asserting claims for violation of the [ADA]." *Id.* (cleaned up). Under these circumstances, "equitable tolling applies and [Ms. Horton's] claims are not barred." *Id.*; *see also Gilliam*, 2014

WL 901296, at *7 ("The Court concludes that equitable tolling applies to the extraordinary circumstances of this case and Plaintiff's Complaint, even if not technically filed until October 25, 2013, will not be dismissed.").[3]

## II.  Ms. Horton has sufficiently pled her claims.

Next, Virtual Officeware argues that Ms. Horton "has failed to adequately plead a viable claim of disability discrimination or failure to accommodate under the ADA or PHRA[.]" ECF 17, p. 8. That's because "she has not made sufficient factual averments to support any of her claims." *Id.* at pp. 8-9. The Court disagrees.

### A.  Ms. Horton has sufficiently pled her disability-discrimination claim.

"Congress enacted the ADA in 1990 in an effort to prevent otherwise qualified individuals from being discriminated against in employment based on a disability." *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 579 (3d Cir. 1999) (citation omitted). "To establish a prima facie case of disability discrimination under the ADA, the employee must show that he (1) is a disabled person within the meaning of the ADA; (2) is qualified to perform the essential functions of his job, with or without reasonable accommodations, and (3) has been subjected to an adverse employment action as a result of discrimination." *Rubano v. Farrell Area Sch. Dist.*, 991 F. Supp. 2d 678, 699 (W.D. Pa. 2014) (Lenihan, M.J.) (citations omitted). Ms. Horton has pled facts to establish all three elements.

For the first element, a person is considered disabled under the ADA if he or she has "a physical or mental impairment that substantially limits one or more major life activities," or is "regarded as having such an impairment." 42 U.S.C § 12102(1)(A), (C). Courts are required "to interpret the term 'disability' broadly 'to the

---

[3] It also "goes without saying that [Virtual Officeware] suffered no prejudice as a result of the Complaint being timestamped as filed" a few days after the deadline. *See Gilliam*, 2014 WL 901296, at *7. Indeed, Virtual Officeware does not even try to make such a claim. *See* ECF 17; ECF 20.

maxim extent permitted[.]'" *Ostrowski v. Con-Way Freight, Inc.*, 543 F. App'x 128, 131 (3d Cir. 2013) (quoting 42 U.S.C. § 12102(4)(A)). Here, Ms. Horton alleges that she is suffering from "trauma" and "PTSD," which causes her "migraines," "anxiety," and "nerve and bone pain." ECF 1-1, ¶ 3. She takes medications to treat her conditions. *Id.* These conditions have impaired her ability to care for her ten-year-old daughter, which is unquestionably a major life activity. *Id.* at ¶ 4. "On a motion to dismiss," the Court is "bound [to] take all factual allegations as true and make all reasonable inferences in plaintiff's favor." *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 168 (3d Cir. 2015). Considering that standard, Ms. Horton's "complaint alleges a disability" and "[w]hether [s]he was in fact disabled is not a question [the Court] can answer on a motion to dismiss." *Id.* at 169.

Ms. Horton has also alleged sufficient facts about the second element—that she is qualified to perform the essential functions of her job. She claims that during her tenure, she "received high praise [for her] job performance at [Virtual Officeware] from management and co-workers. ECF 1-1, ¶ 8. That's enough at this early stage of the case. *See e.g.*, *Vasoli v. Yards Brewing Co., LLC*, No. 21-2066, 2021 WL 2808823, at *2 n.2 (E.D. Pa. July 6, 2021) (noting plaintiff "easily satisfie[d]" the second element of her discrimination claim where she pled that she "received a positive performance review and raise just prior to her termination"); *Philips v. Ctr. for Vision Loss*, No. 15-563, 2017 WL 839465, at *7 (M.D. Pa. Mar. 3, 2017) (finding that plaintiff's demonstration of her employment in the same position and multiple positive performance reviews was enough to show that she was qualified for the position).

Finally, Ms. Horton alleges that she suffered an adverse employment action because of her disability. She claims that she sought an accommodation, but before it was granted, she was terminated. ECF 1-1, ¶¶ 5, 10. She also alleges that Virtual Officeware tried to cover up its improper discriminatory motive by using "the

nonworking phones as [an] excuse to say she was not [doing] her job." *Id.* at ¶ 11. From this timeline of events, the Court can infer a causal connection between Ms. Horton's termination and her disability. *See Wood v. Donegal Twp., Pa.*, No. 21-1083, 2022 WL 3100893, at *5 (W.D. Pa. Aug. 4, 2022) (Lenihan, M.J.) ("Wood provided a sufficient timeline to support an inference that there is a causal connection between her protected activities and the adverse employment actions.").

### B. Ms. Horton has sufficiently pled her failure-to-accommodate claim.

"To make out an ADA claim based on a failure to accommodate, an individual must prove (1) [s]he is a disabled person within the meaning of the ADA; (2) [s]he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) [s]he has suffered a refusal to make reasonable accommodations." *Equal Emp. Opportunity Comm'n v. FedEx Ground Package Sys., Inc.*, 158 F. Supp. 3d 393, 399 (W.D. Pa. 2016) (Hornak, J.) (cleaned up). The Court already explained above that Ms. Horton has satisfied the first two elements of this claim. As for the third, she alleges that she "requested reasonable accommodations for her disability" and Virtual Officeware "refused" those requests. ECF 1-1, ¶ 47-48. That is enough. *See Burbach v. Arconic Corp.*, 561 F. Supp. 3d 508, 521 (W.D. Pa. 2021) (Eddy, M.J.).

\* \* \*

Therefore, after careful consideration, it is hereby **ORDERED** that Virtual Officeware's motion to dismiss (ECF 16) is **DENIED**.

Date: November 16, 2022                      BY THE COURT:

                                                            /s/ J. Nicholas Ranjan
                                                            United States District Judge